IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

|  |  |
|---|---|
| DAVID ERIC HUNSAKER, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, |  |
| v. | Case No. 2:10-CV-710 CW |
| STEVEN TURLEY et al., |  |
| Defendants. | District Judge Clark Waddoups |

Plaintiff, David Eric Hunsaker, an inmate at the Weber County Correctional Facility,

filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (West 2012).

Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 U.S.C.A. §

1915 (2012).  Before the Court are Defendants' motion for summary judgment and Plaintiff's

cross-motion for summary judgment.

## ANALYSIS

### I.  Legal Standards

#### A.  Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available

administrative remedies before seeking redress in the courts.  Specifically, 42 U.S.C. § 1997e(a)

provides that "[n]o action shall be brought with respect to prison conditions under section 1983

of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."  *See* 42

U.S.C.A. § 1997e(a) (West 2012).  The Supreme Court has held that the PLRA's exhaustion

requirement "applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).  Moreover, the

Supreme Court has refused to "read futility or other exceptions into [the PLRA's] statutory

exhaustion requirement." *Booth v. Churner*, 532 U.S. 731, 741, n. 6, 121 S. Ct. 1819, 1825

(2001).  As explained by the Tenth Circuit, "[t]he statutory exhaustion requirement of § 1997e(a)

is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corr.

Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003).  Failure to exhaust is an affirmative

defense that the defendants have the burden of pleading and proving. *See Jones v. Bock*, 549

U.S. 199, 212, 127 S. Ct. 910, 919 (2007).

Because exhaustion is a prerequisite to suit, all available administrative remedies must be

exhausted *before* filing a complaint in federal court. *See Porter*, 534 U.S. at 524 (citing *Booth*,

532 U.S. at 741).  However, it is well recognized that "a remedy that prison officials prevent a

prisoner from utilizing is not an 'available' remedy under § 1997e(a)." *Miller v. Norris*, 247

F.3d 736, 740 (8th Cir. 2001); *see also Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002).  Thus,

"inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have

prevented them from exhausting their administrative remedies." *Lyon v. Vande Krol*, 305 F.3d

806, 808 (8th Cir. 2002).

## B.  Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Cellotex v. Catrett*, 477 U.S. 317, 325 (1986).  This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp 1100, 1102 (D. Utah 1998)

Once the moving party satisfies its initial burden "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.*  Rule 56(e) requires a nonmovant "that would bear the burden of persuasion at trial" to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998).  The specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992).  Mere allegations and references to the pleadings will not suffice.  However, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

The Tenth Circuit has recognized that, given the fact sensitive nature of exhaustion determinations, "a motion for summary judgment limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust is appropriate." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003), *abrogated on other grounds by Jones*, 549 U.S. 199. When deciding such a limited motion for summary judgement the court applies the same procedures used for other summary judgment determinations. Thus, the moving party bears the initial burden of showing that there is an absence of evidence to support the plaintiff's contention that he exhausted all available administrative remedies. Once the moving party has made such a showing, the burden then shifts to the nonmoving party to produce admissible evidence showing that genuine issues of material fact exist precluding summary judgment on the exhaustion question.

## II.  Facts[1]

1.      On November 30, 2006, Plaintiff was incarcerated at the Utah State Prison and employed in the kitchen at the Wasatch facility.  (2nd Am. Compl. ¶ 5.)

2.      On Plaintiff's way to the kitchen, Plaintiff passed a letter to Officer Dori Grange through the Sally port.  (Id.)

3.      After about 60-90 minutes, Plaintiff was told by Officer Grange's supervisor that Plaintiff was going to receive a disciplinary write up for writing a sexually explicit letter to a

---

[1] The facts presented here are drawn directly from Defendants' Memorandum Supporting Motion for Summary Judgment and are not disputed.

female officer.  (Id. ¶ 6.)

4.      The Offender Physical Location History shows that Plaintiff was transferred to Uinta 5

on November 30, 2006.  (Alexander Decl. ¶ 6; Exhibit 4 to *Martinez* Report.)

5.      Plaintiff alleges that upon his arrival at Uinta 5, Defendant grabbed Plaintiff and

forcefully threw him against the wall, verbally threatened Plaintiff, held Plaintiff while

two other officers cut off Plaintiff's clothes, wrapped a sheet around Plaintiff, and left

Plaintiff in a holding cell for several hours.  (2nd Am. Compl. ¶¶ 7-8.)

6.      Review of the Uinta 5 daily log shows that Defendant did not work on November 30,

2006.  (Alexander Decl. ¶ 7; Exhibit 4 to *Martinez* Report.)

7.      Defendant has never thrown Plaintiff forcefully against a wall; never threatened Plaintiff;

and did not hold Plaintiff while other officers cut Plaintiff's clothes off, and then put

Plaintiff in a holding cell for several hours.  (Alexander Decl. ¶¶ 8-10.)

8.      Plaintiff has never filed any administrative grievances regarding the incident alleged in

his Second Amended Civil Rights Complaint.  (Casper Decl. ¶ 5.)

### III.  Defendants' Motion for Summary Judgment

Defendant Alexander makes two arguments supporting his motion for summary

judgment.  First, Defendant asserts that he was not working on the day Plaintiff was allegedly

mistreated, therefore, he could not have committed the acts alleged by Plaintiff.  Second,

Defendant asserts that Plaintiff failed to exhaust his excessive force claim through the prison's

administrative grievance process before filing suit, therefore, his suit is barred under the PLRA.

### A.  Defendant Alexander

Defendant has presented ample evidence showing that he was not present at the prison on the day Plaintiff was allegedly subjected to excessive force.  According to prison records Defendant Alexander was not working on the day of the alleged incident.  In the face of this evidence Plaintiff has conceded that Defendant Alexander was not involved in the incident.  Based on information presented in the *Martinez* Report, Plaintiff now contends that the officer who allegedly mistreated him was Arthur Miller.  However, Plaintiff has not filed a proper motion to amend his complaint to name Miller as a defendant.  Given Plaintiff's admission that Defendant Alexander was not involved, Defendant Alexander is clearly entitled to summary judgment.

### B.  Exhaustion

Defendant has also presented ample evidence to support the conclusion that Plaintiff failed to exhaust his excessive force claim through the prison grievance process before filing this suit.  According to the Declaration of Billie Casper, the prison Grievance Coordinator, there is no record that Plaintiff ever filed any grievances asserting excessive force in relation to the incident on November 30, 2006.  (Doc. no. 34, Ex. 2.)  Thus, Defendant has successfully shifted to Plaintiff the burden of producing admissible evidence showing a genuine issue of material fact as to whether he exhausted available administrative remedies.

Plaintiff admits that he never grieved the incident at issue in this case but asserts that he should be excused from the exhaustion requirement because he was denied access to the grievance system.  Plaintiff states that after being transferred following the incident he asked the

sergeant on duty, Sergeant Knorr, for a grievance form but was told that he could not have any

items besides his jumpsuit and bedding until further administrative action was taken. Plaintiff

states that by the time the administrative process was completed the seven-day deadline for filing

a grievance had already passed. Plaintiff has not submitted any evidence to support this version

of events,[2] nor has he found anyone to corroborate his story.[3] Moreover, Plaintiff does not

explain why he did not simply submit an untimely grievance stating that he was prevented from

filing sooner, which would have at least preserved the issue for future litigation. If the

exhaustion requirement can be circumvented merely by asserting without proof that someone

refused to provide the necessary forms the requirement would be rendered meaningless. Thus,

the Court finds that Plaintiff has not met his burden of presenting sufficient evidence to create a

genuine issue of material fact as to whether he was denied access to the prison grievance

process. Alternatively, Plaintiff argues that he should be deemed to have exhausted his present

claim based on his administrative appeals from the prison disciplinary action stemming from the

incident. This argument is also unpersuasive. Plaintiff does not cite any controlling Tenth

Circuit or Supreme Court precedent supporting this proposition. Moreover, the cases Plaintiff

does cite are not persuasive because they are either not on point, or are no longer good law.

Finally, such a policy would undermine the primary purpose for the administrative exhaustion

requirement, which is to give prison officials prompt notice of any problems within the prison

---

[2] Plaintiff has not even submitted is own sworn statement. Nor has he presented any prison regulation that might support his contention.

[3] Plaintiff states that on October 13, 2011, he wrote a letter to Sergeant Knorr asking him to submit a sworn statement confirming this version of events but received no response. It is highly unlikely that Knorr would corroborate Plaintiff's story even under subpoena.

and the opportunity to quickly address them.  Allowing an inmate to satisfy the exhaustion

requirement merely by raising allegations of excessive force in a prison disciplinary hearing--the

purpose of which is to determine whether an inmate has violated prison rules, not to review

officer's conduct--would directly undermine the grievance process by denying prison officials

timely notice of potential problems.  Thus, Plaintiff's assertion that he constructively satisfied

the exhaustion requirement by raising his claim in the disciplinary appeal process is unavailing.

Because Plaintiff has not met his burden of showing that he satisfied the exhaustion

requirement, the Court finds that it would be futile to allow Plaintiff to further amend his

complaint to name a new defendant.  Thus, this case must be dismissed for failure to exhaust

available administrative remedies as required under the PLRA.

### ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Defendant Alexander's Motion for Summary Judgment (Doc. no. 35) is **GRANTED**,

(2) Plaintiff's Motion for Summary Judgment (Doc. nos. 42 and 51) is **DENIED**; and,

(3) this case is **DISMISSED** for failure to exhaust available administrative remedies as

required under the PLRA.  *See* 42 U.S.C.A. § 1997e(a) (West 2012).

Dated this 22nd day of August, 2012.

BY THE COURT:

CLARK WADDOUPS
United States District Judge